BOARD OF HOME MISSIONS OF PRESBYTERIAN CHURCH et al. v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, General Term, First Department. December 18, 1895.)

TAXATION—EXEMPTIONS—MISSIONARY CORPORATIONS.

    The proviso of Laws 1893, c. 498, that the real property of a missionary corporation shall not be exempt from taxation where it is leased, applies where the property, until noon of the day after the tax books were closed, was subject to a lease executed by the grantor of such corporation, though it was in good faith preparing to occupy the premises for its own purposes.

Appeal from special term, New York county.

Action by the Board of Home Missions of the Presbyterian Church in the United States of America and the Board of Foreign Missions of the Presbyterian Church in the United States against the mayor, aldermen, and commonalty of the city of New York to cancel an assessment for taxation imposed in the year 1894 on plaintiffs' real estate. The demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, was sustained, and plaintiffs appeal. Affirmed.

The complaint is as follows:

    The plaintiffs, by Parsons, Shepard & Ogden, their attorneys, complain of the defendants as follows: The plaintiff the Board of Home Missions of the Presbyterian Church in the United States of America is a domestic corporation, created by and under the provisions of chapter 287 of the Laws of 1872, as amended by chapter 227 of the Laws of 1880, and chapter 335 of the Laws of

1892. The plaintiff the Board of Foreign Missions of the Presbyterian Church in the United States of America is a domestic corporation, created by and under the provisions of chapter 187 of the Laws of 1862, as amended by chapter 326 of the Laws of 1894. No officer, member or employé of either of the plaintiffs receives, or ever has received, or is or ever has been entitled to receive, any pecuniary profit from the operations thereof, except reasonable compensation for services in effecting their purposes. In the month of June, 1893, the plaintiffs purchased, and have since owned as tenants in common, the following described property in the city of New York: Beginning at a point formed by the intersection of the westerly line or side of Fifth avenue with the northerly line or side of Twentieth street, and running thence westerly along the said northerly line of Twentieth street one hundred and ninety-two (192) feet; running thence northerly, and parallel with the westerly line or side of Fifth avenue, ninety-two (92) feet to the center line of the block between Twentieth and Twenty-First streets; running thence easterly, and parallel with the said northerly line or side of Twentieth street, and along said center line of the block, one hundred and ninety-two (192) feet to the westerly line or side of Fifth avenue; and running thence southerly, along said westerly line or side of Fifth avenue, ninety-two (92) 'feet, to the point or place of beginning. Said real property was purchased by the plaintiffs to be held and used exclusively for carrying out thereupon the missionary purposes of the plaintiffs to the extent of one-quarter; from the remaining three-quarters rents to be obtained to be applied exclusively for carrying out the missionary purposes of the plaintiffs. Since the purchase of said property it has not been in actual use for the purposes of the plaintiffs, because of the absence of suitable buildings and improvements thereon, but the construction of such buildings and improvements was in good faith contemplated by the plaintiffs at the time of the purchase of the said property, and was not immediately begun owing only to the fact that portions of said property were then in possession of tenants holding under leases from the former owner thereof, which did not expire until the 1st day of May, 1894, and from which tenants plaintiffs were unable to obtain possession of the premises so leased. Down to the said 1st day of May, 1894, the rents under said leases were received by the plaintiffs, and used by them exclusively for their missionary purposes. On the 1st day of May, 1894, the construction of the buildings and improvements necessary to make the said property suitable for the said purposes of the plaintiffs began, and has since been in actual progress, and since that time no rents, profits, or income have been derived from it. As the plaintiffs are informed and believe, some time in the year 1894, the defendants caused the said property to be assessed, for the purposes of taxation, at the sum of $285,000, and thereafter the board of aldermen of the city of New York by ordinance confirmed the said assessment, and imposed upon the said property a tax of $5,101.50 for the year 1894. Thereafter, and on or about the 1st day of September, the defendants caused the assessment rolls showing the said assessment and the amount of said tax to be delivered to the receiver of taxes of the city of New York, with a warrant by the said board of aldermen, under their hands and seals, annexed thereto, directed to said receiver of taxes, commanding him to collect the said taxes; and the defendants intend, unless said tax, with interest thereon, shall be paid in full, to advertise the said property for sale, and sell the same at public auction, under the provisions of law relating to the enforcement of taxes upon real estate in the city of New York. The plaintiffs are both corporations organized, as hereinbefore stated, under the laws of the state of New York exclusively for missionary purposes, and such property of the plaintiffs as is held by them exclusively for such purposes, or, though not in actual use therefor by reason of the absence of suitable buildings or improvements thereon, is designed for such use, and upon which the construction of such buildings or improvements is in progress or in good faith contemplated by the plaintiffs, is, as the plaintiffs are informed and believe, exempt by law from taxation. The facts giving rise to the exemption of such property from taxation do not appear upon the record of said proceedings taken by the defendants to assess and enforce against it the said tax, and the said proceed-

ings are upon their face regular and valid, and the said assessment and tax, upon the face of such proceedings, appear to be, and are, a lien upon the plaintiffs' said property, and a cloud upon their title thereto. The illegality of the said assessment and tax forms no part of the record, and can be established only by extrinsic evidence. The plaintiffs on the 4th day of February, 1895, duly presented to the comptroller of the city of New York for adjustment the claim upon which this action is founded. More than 30 days have elapsed since such claim was presented, and the said comptroller has neglected and refused to make an adjustment thereof for 30 days after such presentment. Wherefore the plaintiffs pray that the said assessment and tax upon the plaintiffs' said property may be declared to be illegal and void, and that the defendants, their agents, and attorneys, may be forever enjoined and restrained from in any way asserting the validity of said assessment, or collecting or enforcing the payment of the said tax, and that the plaintiffs may have such other and further relief as may be just.

The following is the opinion of Mr. Justice BEACH on sustaining the demurrer to the complaint:

The date fixing the status of property for taxation appears to be the second Monday of January in each year. Taking a view more favorable to plaintiffs, and extending the period to April 30th, or the earliest moment of May 1st, when the tax books are closed, it is still a fact that, from January to the date last mentioned, the plaintiffs received rents and profits from the premises under leases which did not expire until May 1st at noon. During the taxable period the property was not in actual use by the plaintiffs, nor held exclusively for the purposes of the corporations, but from it they derived "rents, profits or income," and, therefore, they are not entitled to exemption under the provisions of chapter 498. Laws 1893. [See note, infra.]

Judgment for defendants on demurrer, with costs. Leave to plaintiffs to amend within 20 days, on payment of costs.

Argued before VAN BRUNT, P. J., and O'BRIEN and PARKER, JJ.

H. B. Closson, for appellants.

W. L. Turner, for respondents.

PER CURIAM. Judgment affirmed, with costs, on opinion of special term.

NOTE.

Laws 1893, c. 498, is as follows:

"Section 1. The real property of a corporation or association organized exclusively for the moral and mental improvement of men and women, or for religious, charitable, missionary, hospital, educational, patriotic, historical, or cemetery purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes, shall be exempt from taxation. But no such corporation or association shall be entitled to any such exemption if any officer, member or employee thereof shall receive or may be lawfully entitled to receive any pecuniary profit from the operations thereof, except reasonable compensation for services in effecting one or more of such purposes, or as proper beneficiaries of its strictly charitable purposes; or if the organization thereof for any of such avowed purposes be a guise or pretense for directly or indirectly making any other pecuniary profit for such corporation or association, or for any of its members or employees, or if it be not in good faith organized or conducted exclusively for one or more of such purposes. The real property of any such corporation or association entitled to such exemption held by it exclusively for one or more of such purposes and from which no rents, profits or incomes are derived, shall be so exempt, though not in actual use therefor, by reason of the absence of suitable buildings or improvements thereon, if the construction of such buildings or im-

provements is in progress, or is in good faith contemplated by such corporation or association. The real property of any such corporation not so used exclusively for carrying out thereupon one or more of such purposes, but leased or otherwise used for other purposes, shall not be so exempt; but if a portion only of any lot or building of any such corporation or association is used exclusively for carrying out thereupon one or more of such purposes of any such corporation or association, then such lot or building shall be so exempt only to the extent of the value of the portion so used, and the remaining portion of such lot or building to the extent of the value of such remaining portion shall be subject to taxation. Property held by an officer of a religious denomination shall be entitled to the same exemptions, subject to the same conditions and exceptions as property held by a religious corporation.

"Sec. 2. This act shall take effect immediately."